**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| **FAMIOUS WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:08-cv-240 |
| | ) |
| **CHAD HISSONG,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This case began nearly a year ago when the *pro se* Plaintiff, Famious Williams, a student at IPFW University, was removed from his student teaching assignment at Fort Wayne Community Schools by university representatives. Almost immediately Williams filed this lawsuit under 42 U.S.C. § 1983 alleging that his federal constitutional rights were violated because the defendants, both at Fort Wayne Community Schools and IPFW, impermissibly discriminated against him because he is black.

Now, after extensive discovery and with one defendants' motion for summary judgment fully briefed and another one nearly so, Williams seeks appointment of counsel (Docket # 40). On September 3, 2009, the motion was taken under advisement and Williams was instructed to file a questionnaire for appointment of counsel (Docket # 42), which he did one month later (Docket # 43). At the same time, Williams submitted a "Statement of Material Facts" and a "Memorandum Supporting Request for Court Appointed Attorney" for the Court's consideration. Having considered those submissions, Williams' motion will be DENIED.

**LEGAL STANDARD**

No constitutional or statutory right to counsel exists in a civil case. *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, a court may request that an attorney represent an indigent litigant; the decision whether to recruit pro bono counsel is left to the discretion of the district court. *Pruitt,* 503 F.3d at 649; *Luttrell*, 129 F.3d at 936; *Zarnes*, 64 F.3d at 288.

This decision by the district court comes down to a two-fold inquiry that must address "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself."[1] *Pruitt*, 503 F.3d at 655; *see also Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). The question is "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Pruitt*, 503 F.3d at 655. Stated another way, the district court must ascertain "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id*. (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And

---

[1] Here, Williams made some effort to obtain counsel on his own, as has apparently contacted at least three different attorneys; none, however, have taken his cases. The fact that these experienced civil rights attorneys have turned him down is an indication that Williams' case may indeed have little merit and that appointing counsel will make no difference in the ultimate outcome. *See County of McLean*, 953 F.2d at 1073 (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id*. Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id*.

## DISCUSSION

Applying the applicable standard to Williams' case, it is evident that he is competent to represent himself. To explain, as delineated in the pending motions for summary judgment, the case presents relatively straightforward issues concerning Williams' due process and equal protection claims. Therefore, the first factor – the difficulty of his claims – cuts against Williams' request for counsel. *See generally Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case).

Furthermore, the Court has observed through Williams' various court appearances and filings, that he has good communication skills, as one would expect from a university student, at least at a sufficient level to proceed *pro se*. Indeed, Williams has conducted and participated in extensive discovery, filed motions as well as two separate responses to the pending motions for summary judgment. Moreover, Williams has the freedom and time to perform his own legal research. As a result, the second factor of the two-fold inquiry – the plaintiff's competence to litigate the claims himself – also fails to support his request for counsel.

Considering the foregoing, Williams appears quite competent to adequately handle the litigation of this case; consequently, his motion asking that the Court recruit counsel for him will be denied.

The Court notes, however, that there remains pending a Motion to Strike by defendants

Fecher and Nichols (Docket # 33) concerning some of Williams' submissions filed in opposition to their Motion for Summary Judgment (Docket # 22). Williams has not filed a response to that motion, perhaps because he was awaiting a ruling on his request for appointment of counsel, and therefore, this order will clarify the briefing schedule concerning that motion.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion requesting the appointment of counsel (Docket # 40) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on her own.

On the Court's own motion, Williams is granted to and including October 27, 2009, to file a response to the pending Motion to Strike (Docket # 33) and Fecher and Nichols are granted to and including November 9, 2009, to file a reply. These respective filings will close the briefing on the pending motion for summary judgment (Docket # 22) which remains under advisement.

SO ORDERED.

Enter for this 13th day of October, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge